IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JOHN EDWIN KOONTZ III, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 3:15-CV-62-CAR-MSH |
| | : | Social Security Appeal |
| CAROLYN COLVIN, | : | |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDAITON**

Presently pending before the Court is Plaintiff's Application for Attorney's Fees under the Equal Access to Justice Act. (ECF No. 17.) Counsel filed his motion for fees on February 25, 2016, requesting $7,691.45 for 40.27 attorney work hours at a rate calculated for the date that the time was billed. Br. in Supp. of Appl. for Attorney's Fees 3-4, ECF No. 17-1. The Commissioner filed a Response wherein she does not object to the request for or amount of fees. Comm'r's Resp. 1, ECF No. 19.

Given that there is no objection to the amount of fees, number of hours requested, or hourly rate, and that the Court finds the request reasonable, it is recommended that Plaintiff's request for fees in the amount of $7,691.45 be granted. These fees should be paid directly to the Plaintiff. *See* 28 U.S.C. § 2412(d)(1)(A); *Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010); *Reeves v. Astrue*, 526 F.3d 732, 735 (11th Cir. 2008) (explaining that the EAJA "unambiguously directs the award of attorney's fees to the party who incurred those fees and not to the party's attorney").

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof.  The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 23rd day of March, 2016.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE